PHILLIP A. TALBERT
United States Attorney
VERONICA M.A. ALEGRÍA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DARNELL RAY OWENS, <br><br> Defendant. | CASE NO. 2:19-CR-00058-TLN <br><br> GOVERNMENT'S SENTENCING MEMORANDUM <br><br> DATE: August 4, 2022 <br> TIME: 9:30 a.m. <br> COURT: Hon. Troy L. Nunley |

## I.  INTRODUCTION

Defendant DARNELL RAY OWENS pleaded guilty to mailing threatening communications, conveying false information and hoaxes, and aggravated identity theft. He admitted that he sent threatening letters to multiple victims in which he threatened to kill police officers, government officials, homosexuals, white people, the employees of a news organization, an elected official, and members of a Baptist church. Some of his letters included a white powdery substance, causing his victims to believe they had been in contact with a biological agent or toxin. Defendant also used the names and mailing addresses of his relatives as the "sender" information.

The Probation Office's Final Presentence Report ("PSR") calculates an Offense Level of 17 and a criminal history category of I, making his Sentencing Guidelines range 24-30 months for Counts 2, 3, and 4, followed by a mandatory two-year consecutive term for Count 7. Pursuant to the terms of the

plea agreement, the government recommends a sentence at the low end of the Sentencing Guidelines range: a 24-months' imprisonment for Counts 2, 3, and 4, followed by 24-months' imprisonment for Count 7, 3 years of supervised release, no fine, and a special assessment of $400.

## II.  OFFENSE CONDUCT

Beginning in as early as February 2018, defendant sent letters via the U.S. Postal Service to various individuals, organizations, and law enforcement entities that contained threats to kill police officers, government officials, homosexuals, and white people.  PSR ¶ 7.  For example, in March 2018, Defendant sent two letters to the Sacramento County LGTBQ Center included homophobic threats to "murder every fag or queer, lesbian, transsexuals, transgenders in Sacramento."  PSR ¶ 8.  Also that month, Defendant sent a letter to the Sacramento Police Department in which he referred to police officers as "pigs" and claimed they were sacrificing people of color in order to create a "race war."  PSR ¶ 9.  Defendant also threatened the West Sacramento Police Department and wrote, "If I had a gun, I blow your brains out.  I am sick and tired of you white cops getting away with murder . . . . I'mma do something crazy to you bitches . . . . I wanna hurt someone bad . . . . I wanna killed a cop and drink his white blood. . . . I'm ready to die to take out some of you off this earth . . . . "  PSR ¶ 9.

In July 2018, as charged in Count 4, Defendant sent a letter to the First Baptist Church Dallas addressed to Person 1, the pastor of the church, in which he threatened, "I will assassinate your pastor in the name of Allah, I will burn down Christian churches and genocide your white people . . . I will rape all your children and kill all your future children . . . ."  PSR ¶ 12.  Defendant also included in the envelope a white powdery substance that he intended to appear to be a biological agent or toxin to the person opening the letter.  PSR ¶ 13.  As a result, first responders were called to the First Baptist Church and the staff member who opened the threatening letter had to be seen by medical staff, although the white power tested negative for biological toxin agents.  PSR ¶ 13.

As charged in Count 2, in October 2018, Defendant sent a letter to KTXL Fox40 in which he threatened to kill and injure specific victims.  PSR ¶ 10.  Defendant wrote:

> I am going to kill [Person 2], [Person 3], [Person 4], and [Person 5], Etc. Allah has commanded me to burn down the news station with fire and murder anyone who comes out with a gun. I am a domestic terror and I am a domestic violence . . . This is a threat and a promise. I am here to kill a lot of people in the name of Allah."

GOVERNMENT'S SENTENCING MEMORANDUM    2

PSR ¶ 10.

In August 2018, as charged in Counts 5 and 7, Defendant sent a threatening letter to the County of Sacramento Department of Revenue Recovery and affixed his father's name as the sender when in truth, his father had nothing to do with the scheme.  PSR ¶ 14.  Defendant threatened to "destroy all Esau/Edomites, so-called white people" and "burn down the department of Revenue Recovery and kill alot [*sic*] of people."  PSR ¶ 14.  Also in the envelope with the letter was a white powdery substance that spilled into the hands of the employee who opened the letter, causing fear and stress, although the white power tested negative for biological toxin agents.  PSR ¶ 15.

Finally, in March 2019, as charged in Count 3, Defendant sent a letter to a Sacramento County District Attorney ("Elected Official") and wrote:

> I knew you was going to not charge those corrupt racist cops. You have failed this city and the people.  So I am making a threat on your life, I will assassinate you with a bullet to your head, you will not survive I will watch your body shake as the life in you leaves. I will watch your eyes as your soul goes to hell . . . I will risk my life to kill you."

PSR ¶ 11.

### III.   SENTENCING GUIDELINES CALCULATIONS

The government agrees with the Probation Office's Sentencing Guidelines calculations in this case, which are as follows for each of the Counts[1]:

| | | | |
|---|---|---|---|
| COUNT TWO | Base Offense Level | 12 | U.S.S.G. § 2A6.1(a)(1) |
| COUNT THREE | Base Offense Level | 12 | U.S.S.G. § 2A6.1(a)(1) |
| | Victim Adjustment – Elected Official | + 6 | U.S.S.G. § §3A1.2(b) |
| | Subtotal | = *18* | |
| COUNT FOUR | Base Offense Level | 12 | U.S.S.G. § 2A6.1(a)(1) |
| | Multi-Count Adjustment | + 2 | U.S.S.G. § 3D1.4(a), (b) |
| | Acceptance of Responsibility | – 3 | U.S.S.G. § 3E1.1(a), (b) |
| | **TOTAL** | **= 17** | |

PSR ¶¶ 22–41.  Count 3 has the greatest offense level (18), and two levels are added to account for the multiple counts.  PSR ¶¶ 42–45.  Then three levels are subtracted for Defendant's acceptance of responsibility.  PSR ¶¶ 47–48.  Thus, the Total Offense Level is 17.  PSR ¶ 49.

---

[1] Counts 2, 3, and 4 are not grouped. U.S.S.G. § 2A6.1 n.3.  Count 7 has a mandatory sentence of 24 months, which must be served consecutively to the other Counts.  PSR ¶ 50.

Defendant has a criminal history score of 0, and therefore is in Criminal History Category I. PSR ¶¶ 52–58.

Accordingly, Defendant's Sentencing Guidelines range is 24–30 months for Counts 2, 3, and 4 (concurrent), and 24 months on Count 7 (consecutive).

### IV.    SECTION 3553(A) FACTORS

The government recommends a total term of 48 months' imprisonment, followed by 3 years of supervised release, no fine, and a mandatory special assessment of $400.  This sentence would satisfy each of the factors set forth in 18 U.S.C. § 3553(a) and would be "sufficient, but not greater than necessary" to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2).  A total sentence of 48 months' imprisonment fully and fairly accounts for all relevant factors.  The 3553(a) factors instruct the Court to consider, among other things, (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed, including deterrence of further crimes and promoting respect for the law.  *See* 18 U.S.C. § 3553(a)(1)-(2).

In this case, Defendant threatened to kill or harm multiple victims.  By placing a white powdery substance in some of the envelopes with his threat letters, Defendant caused victims to believe they had been subjected to a biological agent or toxin.  His threats and hoaxes had real effects on his victims.  The nature and circumstances of his crimes are serious, and a 48-month sentence reflects that.

The serious nature and circumstances of Defendant's offenses are balanced against his history and characteristics.  Defendant had an impoverished childhood that lacked structure and support.  PSR ¶ 65–66.  Despite early these difficulties, until the last few years defendant led a seemingly peaceful and law abiding life, with not even any criminal arrests.  PSR ¶¶ 52-61.  Defendant left high school in 11th grade and has worked as a caregiver and package handler.  PSR ¶¶ 77–81.  Defendant's history and characteristics support the low-end sentence that the Government recommends.

Additionally, a 48-month term of imprisonment will promote respect for the law and provide adequate deterrence.  Defendant has hitherto not served any time in prison, and a 48-month term will impress upon Defendant and other would-be criminals that these crimes and their accompanying punishment is serious.  This sentence would be sufficient, but no greater than necessary to promote respect for the law and provide adequate deterrence.

Finally, Section 3553(a) also requires the Court to minimize sentencing disparities among similarly situated defendants. 18 U.S.C. § 3553(a)(6). One way of doing so is to correctly calculate the Guidelines range. *United States v. Treadwell*, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."). Accordingly, the Government's recommended sentence at the low end of the Sentencing Guidelines will minimize sentencing disparities.

### V.   CONCLUSION

For the foregoing reasons, the defendant should be sentenced at the low end of the Sentencing Guidelines: a 24-month term of imprisonment for Counts 2, 3, and 4, followed by a mandatory 24-month consecutive term of imprisonment for Count 7, followed by 3 years of supervised release, no fine, and a mandatory special assessment of $400.

Dated: July 28, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ *Veronica M.A. Alegría*
VERONICA M.A. ALEGRÍA
Assistant United States Attorney